DAVID J. RIVERS
Nevada Bar #0384
LEAVITT, SULLY & RIVERS
601 E. Bridger Avenue
Las Vegas, NV 89101
Telephone: (702) 382-5111
Email: djr@lsrlaw.net
*Attorney for W. Leslie Sully, Jr., Chtd. Profit Sharing Plan*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.: 2:10-cv-00781-JCM-PAL |
| STEVEN D. MOLASKY, | Bankruptcy Case No. BK-S-08-14517-MKN |
| Debtor. | Adversary No. 08-01246-MKN |
| AUGUSTINE C. BUSTOS, | |
| Appellant, | **DECISION AND ORDER** |
| v. | |
| STEVEN D. MOLASKY, | |
| Appellee. | |

This appeal is from an order dismissing intervenor, Augustine C. Bustos, supported by a memorandum decision, entered September 28, 2009 by the Bankruptcy Court for the District of Nevada, in Adversary No. 08-01246-MKN.

**Background**

Steven D. Molasky ("Molasky") filed a voluntary chapter 11 petition on May 3, 2008. On the 523 deadline, August 11, 2008, One Cap Holding Corporation, a Nevada corporation ("OneCap") filed a complaint commencing the adversary proceeding from which this appeal was taken. The subject matter of the complaint included a note and deed of trust defined as the "Ellington Note" and the "Ellington Deed of Trust." The W. Leslie Sully, Jr., Chtd. Profit

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

Sharing Plan ("Sully Plan") and Augustine C. Bustos ("Bustos") were owners, by assignment, of the Ellington Note in the face amount of $17,000,000.00 and beneficiaries under the Ellington Deed of Trust securing the Note. As such, the Sully Plan and Bustos were creditors of Molasky.

On October 31, 2008, an order was entered allowing Bustos to intervene in the adversary proceeding with all rights and remedies as those granted to OneCap as they pertained to any and all claims of Bustos against Molasky, but prohibiting Bustos from filing a separate complaint therein.

On May 11, 2009, an order was entered allowing OneCap's attorneys to withdraw. Thereafter, on June 4, 2009, OneCap failed to appear at a calendared scheduling conference; and order was entered on June 15, 2009 requiring OneCap to show cause why OneCap should not be dismissed for failure to obtain counsel to prosecute the adversary proceeding. OneCap failed to appear and show cause and on July 21, 2009, an order was entered dismissing the adversary proceeding solely as to OneCap.

Thereafter, Molasky moved to dismiss Bustos from the adversary proceeding and on September 28, 2009 an order was entered dismissing Bustos. Prior to the order dismissing Bustos, however, through a stipulation and order signed in April, 2009, the Sully Plan and Molasky agreed to allow Sully to join the adversary proceeding as a plaintiff, effective immediately. The stipulation and order was entered on August 14, 2009, ("August 14th order").

Following the dismissal of Bustos, on November 9, 2009, Molasky moved to dismiss the Sully Plan. On May 13, 2010, the bankruptcy court entered an order dismissing the Sully Plan from the adversary proceeding.

At no time between the dismissal of OneCap and the entry of the order dismissing the Sully Plan, did the bankruptcy court enter an order dismissing the adversary proceeding in its entirety. The bankruptcy court retained subject matter jurisdiction over the adversary case.

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

OneCap and Bustos were dismissed as parties only. It was not until entry of the order dismissing the Sully Plan that a final, appealable order was entered.

### Discussion

The order allowing Bustos to intervene specifically granted Bustos all rights and remedies of OneCap under its complaint, but prohibited Bustos from filing his own complaint in the adversary proceeding. The stipulation and order through which the Sully Plan was admitted as a plaintiff contained no such limitations. The agreement language of the August 14th order allowed the Sully Plan to enter the adversary proceeding as a plaintiff.

Upon entry of the August 14th order, beginning on August 14, 2009, the Sully Plan was the plaintiff in the proceedings with full right and authority to prosecute its claims in the adversary proceeding. With the entry of the Sully Plan as plaintiff, Bustos remained a viable intervenor.

Unlike the situations presented in the cases of *Fuller v. Volk*, 351 F.2d 323 (3rd. Cir. 1965) and *Benavidez v. Fong Eu*, 34 F.3d 825 (9th Cir. 1994), the Sully Plan was ordered admitted as a party plaintiff to the adversary action before the dismissal of Bustos. The adversary proceeding was no longer dependent upon OneCap as the party plaintiff. The Sully Plan was then and thereafter authorized to define the parameters of the adversary proceeding and to prosecute its' claims.

The adversary proceeding underlying this appeal and the bankruptcy court's subject matter jurisdiction survived the dismissal of OneCap as a plaintiff. At all times until the dismissal of the Sully Plan, the bankruptcy court and the parties treated the adversary proceeding as an open case. Before the dismissal of Bustos, as an intervenor, the bankruptcy court entered the August 14th order allowing the Sully Plan to intervene as a plaintiff. With the entry of the Sully Plan as plaintiff in the adversary proceeding, there was no basis for the dismissal of either Bustos as an intervenor, or the Sully Plan as a plaintiff.

3

Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders and the memorandum decisions supporting same of September 28, 2008 and May 13, 2010 respectively are hereby reversed; and it is

FURTHER ORDERED, ADJUDGED AND DECREED that the matter is remanded to the bankruptcy court for further proceedings consistent with this decision and order.

DATED this 23rd day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE